25-914-cv
Jefferies Strategic Invs., LLC v. Weiss

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of April, two thousand twenty-six.

PRESENT:  BARRINGTON D. PARKER,
RAYMOND J. LOHIER, JR.,
SARAH A. L. MERRIAM,
*Circuit Judges.*

------------------------------------------------------------------

JEFFERIES STRATEGIC
INVESTMENTS, LLC, LEUCADIA
ASSET MANAGEMENT
HOLDINGS LLC,

   *Plaintiffs-Appellees*,

  v.           No. 25-914-cv

GEORGE WEISS,

   *Defendant-Appellant.*[*]

------------------------------------------------------------------

---

[*] The Clerk of Court is directed to amend the caption as set forth above.

FOR DEFENDANT-APPELLANT:    BRIAN A. KATZ (Peter M. Sartorius, Daniel M. Stone, *on the brief*), Olshan Frome Wolosky LLP, New York, NY

FOR PLAINTIFFS-APPELLEES:    DANIEL N. LERMAN, Herbert Smith Freehills Kramer (US) LLP, Washington, DC (Brandon L. Arnold, Shikha Garg, Herbert Smith Freehills Kramer (US) LLP, Washington, DC, Scott S. Balber, Michael P. Jones, Daniel Gomez, Herbert Smith Freehills Kramer (US) LLP, New York, NY, *on the brief*)

Appeal from the amended judgment and orders of the United States District Court for the Southern District of New York (Alvin K. Hellerstein, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the amended judgment and orders of the District Court are AFFIRMED.

Defendant George Weiss appeals from the amended judgment and orders of the United States District Court for the Southern District of New York (Hellerstein, *J.*) granting summary judgment in favor of Plaintiffs Jefferies Strategic Investments, LLC and Leucadia Asset Management Holdings LLC (collectively, "Jefferies"), denying Weiss's motion for reconsideration, and

2

awarding Jefferies damages and prejudgment interest. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

For substantially the reasons stated by the District Court in its March 12, 2025 opinion and order, we conclude that (1) the parties entered into a binding forbearance agreement (the "Agreement") under New York law, and (2) Weiss personally guaranteed the payment obligations of GWA, LLC and its subsidiaries under the Agreement. We also find no abuse of discretion in the District Court's May 15, 2025 order denying Weiss's reconsideration motion.

Weiss separately challenges the District Court's award of prejudgment interest pursuant to Federal Rule of Civil Procedure 60(a), which permits a court to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment." "To be correctable under Rule 60(a), the absence of an award of pre-decision interest in a judgment must fail to reflect the actual intention of the court." *Paddington Partners v. Bouchard*, 34 F.3d 1132, 1140 (2d Cir. 1994). Here, the original judgment directed "final judgment in favor of Plaintiffs and tax costs" but did not provide a sum certain or set interest. Spec. App'x 9. Although the original judgment did not specify the amount owed or

3

award prejudgment interest, the District Court clarified that its intent was to do so, and it amended the judgment to reflect that intent. The District Court thus acknowledged in its order that it granted Jefferies' request "only to correct a judgment for the purpose of reflecting accurately a decision that the court actually made." *Hodge v. Hodge*, 269 F.3d 155, 158 (2d Cir. 2001) (citation modified). We find no abuse of discretion in that decision. *See Paddington*, 34 F.3d at 1140.

## CONCLUSION

We have considered Weiss's remaining arguments and conclude that they are without merit. For the foregoing reasons, the amended judgment and orders of the District Court are AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4